Thank you. The case will be submitted. All right, the next case before the court, case number 151867, Motion Games v. Nintendo of America. This is an appeal from the Patent Trial and Appeal Board. Mr. Underhill? Yes, Your Honor. You want four minutes for rebuttal? Yes, Your Honor. You may proceed. Thank you, Your Honor. May it please the court, I represent the appellant, Motion Games. The PTAF incorrectly found that there was no prosecution history disclaimer regarding the claim limitation creating a database in the 607 patent. What is the scope of the disclaimer that you're arguing? Any correlated database. Okay, so a database that stores the pattern of targets and nothing else? Or a database that stores the pattern of targets and no information about the object? Our understanding would be the latter, Your Honor. Correlation requires that there be a matching up of the data with the real world features of the object. And so it is that matching which is correlation and which has been disclaimed in the file history. And by way of clarification, Your Honor, machine vision systems often include conspicuous targets, things like reflectors or LEDs, whose purpose is to improve the ability of the camera to obtain information about a physical object. Sometimes the computer must match those detected targets with previously known features of the real world object. Right, we get that. We get the difference between correlation and uncorrelated. What could you possibly use an uncorrelated database for? Oh, you could use it for a lot of things. And so here would be a great example. You're in a manufacturing facility. You've got widgets rolling down the line. All you want to know is, is the widget on the line or do I have a gap? Did it fall off the line? So you look for a pattern of targets. Pattern, pattern, pattern. I don't know where it is on the widget. I don't care where it is on the widget. I'm just looking for a gap in the assembly line where I look for the pattern and it's not there. I don't need any correlation whatsoever. That example isn't in your specification, right? I don't think that there are examples in the specification. With respect to that, I was going to get to that, Your Honor. Yes, it's in Figure 5. In Figure 5, the specification describes a scenario where you're going to detect whether a sheet of metal has been folded. And the way you're going to do it is by comparing the pattern on the metal before and after it should have been folded. You're going to look to see whether that pattern changed. In Column 10, it describes the scenario where the targets have been imprecisely applied. Meaning, I stick them on there. I don't know where on the object it is. As a result of their being imprecisely applied, I can't have any knowledge that correlates those targets with any real-world information about the object. I just can't know it. They've been imprecisely applied. That, Judge Stoll, is the example in the specification of the uncorrelated database. Let me just make sure I understand the claim scope. Your claim is for sensing data, pattern data, and then putting that data into a database. And that database cannot include what you call correlated data. That's correct. It's sensing data, putting what you call uncorrelated data into the database, and at the same time, the claim cannot include correlated data. With one qualification, if I may, Your Honor. All the claims, the independent claims, so obviously the dependent claims, talk about creating a database. With respect to that database, the court is correct. That database has to be uncorrelated. Now, some of the dependent claims do go on to add other possibilities of correlated databases. Is that the predetermined database? Claim 3? I beg your pardon? Claim 3? Let me look, Your Honor. Further providing a predetermined database? In Claim 3, the predetermined database is the uncorrelated database, I believe, Your Honor. Okay. Just curious. Why is it a patentable advance to have a database with just uncorrelated data and excluding correlated data? Because no one had ever thought of it before. We're just talking about two categories of data. They're very similar to each other. They're talking about the same targets with respect to an object. One happens to be called uncorrelated. The other happens to be called correlated. You're dumping them into a database. You're saying, please don't put in the correlated data. Why am I supposed to be impressed with that? The reason it was extremely impressive is that the whole world was going in a different direction. Where the world was going was getting more and more and more data so that robots and computers could do ever more precise tasks. That's what everybody thought. We need more data, more data, more data. I guess the concern I have is the use of all of this data. Maybe there's something interesting going on there. But the character of the data being stored in a particular database and it being stored in two different databases rather than the same database, it just doesn't strike me as particularly impressive. The novelty, Your Honor, is that you can build a machine vision system that is based on uncorrelated data. No one ever realized or thought that you could do it before. If you have a claim to that, then okay, maybe that would be patentable. But creating a database and saying it only has one type of this kind of data, it doesn't have the other kind, and then all of a sudden telling all of us that that's a patentable advance, that it wouldn't have been obvious to one of skill in the art to have these two characters of data split into two databases rather than have them consolidated in a single database should it be granted a patent. I understand that's not technically what this case is about. This case is about disclaimer, but I'm just trying to understand why a claim to a database claimed in such a way is interesting. It's interesting, Your Honor, because no one had ever thought of it before. No one had ever realized that there are, in fact, useful applications for an uncorrelated database. I think one of the prior questions was how could this be useful? I guess in response to my question about why is a database like this non-obvious, it's because of how it would be used, not the actual substance of the database itself with that data in it. I think they go together, Your Honor. If there's no perceived need for a database like that, then no one is likely to think that I can create a database in this manner. Indeed, Your Honor, we would concede that there's probably a relatively smaller number of applications for which an uncorrelated database can be used, but the WE, which is the accused product here, is one of those applications. But you've got the correlated data in the second database called the predetermined database. No, Your Honor. That's claim three. The uncorrelated database does, let me be clear, stand for the object. So it's not we're throwing data in and we're forgetting about it. Part of the novelty of the claim is that the stored uncorrelated data is now the proxy for the object. Now, claim three is a deep-ended claim. So claim one does not have the predetermined database that the court is referring to. I'm missing the point, Your Honor, and I apologize. If you're telling me claim three has the correlated data and claim one has the uncorrelated data, and you're telling me that it would be non-obvious to have the correlated data in a different database than the uncorrelated data, I'm just wondering why. I don't think the novelty is having them in two different databases. The novelty is creating the... First of all, the novelty is the combination of all the elements, of course. But I think what no one else had ever realized, and what I do not think exists in the prior art anyplace, is the creation of a database with respect to uncorrelated data and using that data to actually stand for the object. Almost the entire written description talks about correlated data. Yes, it does, Your Honor. And ultimately the board said that it doesn't matter if you try to disclaim correlated data, because if you did, there would be nothing left for your patent. In other words, the board found that there really wasn't a claim to the uncorrelated data. I certainly agree, Your Honor, with the first part of what the court said, which is I think the PTAB did say that the specification largely discusses correlated databases. And I will say I think that's where Dr. Pryor was going with the initial claims. In light of the rejection with respect to bails, he changed his claims and directed them at the uncorrelated database. He did it because he was required to do so. He could no longer pursue the correlated database. Now, the PTAB makes much of the fact that there are statements in the file history along the lines of this invention comprising, and then the language there is broad enough to uncover both correlated and uncorrelated. That's not the issue. I could have a file history where I say I claim a car comprising a steering wheel and wheels, and if I have a statement later on that says I disclaim a car with four wheels, excuse me, it's disclaimed. There's no issue about it. And here we have, I think, the clearest disclaimer there could possibly be, which is the suggested database that the examiner proposes would be obvious from the bails paper is one which merely correlates targets to the object, while in the present invention there is no such correlation. Although it could be done for additional reasons as noted in certain dependent claims. But this would be another different database. I do not understand, Your Honor, how that can be anything other than a clear and unequivocal surrender of subject matter. Go back for a minute to the scope of the disclaimer. Assuming I agree with you that it's a disclaimer, what is the scope of it? Several times in this same part of the prosecution history that you're reading from right now, you say that the database, the pattern itself now stands for the object. You refer to a pattern database. You say things like the sensed pattern then becomes a database for the object. So why is it that your claim, if you're disclaiming anything, your claim is saying the database is the sensed pattern, or the sensed pattern is what's in the database and nothing else? The reason it can't possibly be nothing else is because the statement in the file history that we're pointing to, and Nintendo may point to all kinds of other file statements, we don't have to have a disclaimer in every single sentence. Maybe what the court just read is an additional disclaimer. But the sentences... Are you saying I'm only allowed to look at the one sentence that you're pointing at? No. I think you should look at the entire file history. But I am saying, Your Honor, that on my example, I can say lots of times in the file history, my invention is a car comprising a steering wheel and wheels. I don't have to say every single time. And again, I disclaim the four-wheeled car.  The argument the board is making is that what you said is that my invention is a steering wheel and wheels, and now I disclaim wheels. But if your invention comprises both, then you've disclaimed your invention. I'm sorry, Your Honor. Would you run that by me again? If your disclaimer was to the actual one of the limitations that you say you claimed in your comprising claim, then that doesn't give you the ability to disclaim some other thing. It means that you've disclaimed your actual invention. Okay. But I'm not disclaiming creating a database, which is what the claim language says. I'm disclaiming only the uncorrelated database. I don't think there's any issue here that BRI changes the outcome of this case at all. In many ways, Your Honor, I think this case is like the man-machine interface technologies case that Judge O'Malley and Judge Stolz cited two weeks ago, which is where the court rejected a PTAB construction in that case, finding that the broadest reasonable interpretation of a claim term cannot be so broad as to include a configuration expressly disclaimed in the specification. That was specification disclaimer. This is prosecution history disclaimer. But I think the result is the same. Thank you, Your Honor. I am out of time. Your Honors, Motion Games is alleging here that the claims at issue are subjected to a disclaimer due solely to prosecution arguments. The disclaimer purportedly limits the scope of those claims and saves them from obviousness over A's and Ha's. And Motion Games is wrong for at least three reasons. First, Motion Games is asking this court to import into the independent claims through prosecution history disclaimer a negative limitation that effectively eliminates several of the dependent claims, specifically claims 12, 14, 20, and 23, as an example. And those dependent claims expressly require, as part of the database, the very subject matter that Motion Games is asserting was disclaimed. And Motion Games is wrong. I actually have a real problem with the notion that at the district court you specifically argued that the claim construction should exclude correlated databases. I'm sorry, Your Honor, in the district court? In the district court. I see that you argue that those two positions are not inconsistent. But they seem about as inconsistent as they could be. In the district court you said, and your proposal was such that there is no correlation of the targets to the object in construing, creating a database of an object. And that's exactly the position that Motion Games is taking here. But, Your Honor, the attempted interpretation in the district court was not just the database. Excuse me, was not just those words. We never argued disclaimer in the district court. We tried instead for a long construction of storing the physical arrangement or configuration in three-dimensional space of two targets, such that there is no correlation of the targets. You have to look at the totality of the term that we were proposing. You have to also look at the fact that that was rejected, that was not adopted by the court. Well, essentially the court said that you were both proposing the same thing and that he just thought that the plaintiff's position was a little more clear with respect to what that proposal was in terms of the words chosen. But they both recite an uncorrelated database. They both refer to correlation, but in a very different context, as part of a compromise construction. Remember, as Your Honor well knows, in the district court, when you're doing claims construction, there's a lot of give and take, back and forth. And that's what happened here with multiple terms. But the end result was that the court did not accept Motion Games' reference to the three-dimensional space and the mention of correlation. And in fact, that was opposed by Motion Games as being improper. In fact, the district court went so far as to say that they wouldn't adopt correlation because that would require still further interpretation and claims construction later on. And I'm referring now to the record at AO 933 to 935, and then the court's ruling at A 2577 to 78. So I don't believe, Your Honor, that it is inconsistent, number one. Well, the trial court used the language without reference to our knowledge of the physical object itself. In other words, the court specifically concluded that we're talking about an uncorrelated... Well, Your Honor, I would submit those two terms are not the same, and this is one of the problems that we have here, because Motion Games hasn't even been consistent as to what the disclaimer is that they're opting for. In the PTAB, what they said was that the disclaimer was without knowledge of or reference to the object. That was what they addressed and only addressed in the PTAB, and that's what the PTAB addressed and rejected. When they got to this court, they introduced the concept of correlated versus uncorrelated. If you look at their opening... How do those differ? Beg your pardon? How does that differ? The language that the PTAB refers to as being their claim construction is the one you say, but how does that differ from being uncorrelated? I think without reference to or knowledge of is broader than correlated or uncorrelated. It just means you can't refer to any part of the object with respect to the database. What's your interpretation of uncorrelated? I will accept their definition of uncorrelated, but without knowledge and reference of, if you look at the dependent claim... What is the definition of uncorrelated? That means you don't relate the targets to the particular object. Okay, but in the May 2000 amendment for the remarks, the applicant, Motion Games, used the phrase without reference to or knowledge of the physical object itself, and then the following paragraph was talking about how Bales doesn't teach that, and its invention isn't at all directed to any kind of correlated data. Its invention is really only directed to uncorrelated data. The correlated data would be in another comma different comma database. Your Honor, I would respectfully disagree with that. First of all, the reference in the prosecution history to the without knowledge to or reference of the object, that appears in a discussion of the use of the database once it is formed. Not talking about the database itself. In fact, if you look at the sentence immediately preceding that statement, you'll see that they define the database simply as the pattern. Nothing more, nothing less. When you get to the arguments they make about the correlation language, there I think you have to look at the totality of the amendment and what was happening. They had just gotten through amending the claims, both the independent and the dependent claims, to abandon the reference to location and to insert instead the reference to a pattern database of discrete targets. Now, Bales was the reference. This is what they said in May of 2000 in the amendment. They said specifically the suggested database that the examiner proposes would be obvious from the Bales paper is one which merely correlates targets to the object. While in the present invention there is no such correlation. And then they go on. Rather, it's the pattern itself which now stands for the object and which is used regardless of a correlation to the actual object. Why isn't that a disclaimer? Because regardless says we don't care whether there is correlation or not. And in the context of the argument, it starts with regard to Bales. That the Bales paper does not disclose the use of discrete targets in a pattern as a database. What about in the present invention there is no such correlation? Even if you're right about regardless. Isn't that clear? No, Your Honor. I don't believe it is in the context. Certainly not in the context of the total prosecution. Which is what you have to look at to see if there is a clear, unmistakable disavowal of claims. Right, but we're zeroing in on this paragraph. In the present invention there is no such correlation. Though it could be done for additional reasons, as noted in certain dependent claims. But this would be another comma different comma database. It seems to be pushing hard that correlated data is something that goes into a different database than the claimed database. What am I missing? You're missing, I think, the total context of the argument. And number one, it says such correlation. So what is such correlation? It doesn't say without any correlation. It says such correlation. What is that referring to? If you look at the argument that was being presented at the time. After saying that Bales, and I'm quoting, does not disclose the use of discrete targets as a pattern, as a database. They go on to explain what they think Bales shows. And whether it's right or wrong, that's what they argue and that's what we look at to determine whether or not there's a disclaimer. They went on and they explained that Bales describes spiral strips on a domed cylinder and spots on a line. Then they argued the detected portions of the spiral or spots are not then used as a database. So the argument over Bales had nothing to do with correlation or non-correlation. The argument over Bales was that it had no pattern in it. They didn't care whether it was correlated or not. They also said that Bales, the correlation, excuse me, the sense locations that they were talking about in Bales wasn't relevant anymore because they no longer had sense locations as the description and definition of the pattern, excuse me, of the database. They had amended that all to be a pattern database. Then they go on and they talk about, well, what does the examiner think is the database made obvious? Obviously that's based upon the prior claims, the prior claims that talked about sense location. And they say that's not the database that's now being claimed. And of course it isn't because now they're claiming a pattern database of discrete targets. They then go on and they say that that suggested database by the examiner is one that merely correlates targets to the object. So it merely correlates. It doesn't show or teach a pattern of discrete targets, which is what the claims were amended to be. So that's the distinction an argument over Bales. Then they say, which merely correlates, I covered that. While the present invention, there is no such correlation, not abandoning all correlation, but such correlation. But the argument, and then they go on and they say regardless of correlation, Bales is deficient because it doesn't show a patterned database. That's the argument that they made. And you could not interpret this as a disclaimer because it would vitiate some of the dependent claims that are still in the case and that these aren't in there by accident. These were in there by express amendment, the same amendment that included the patterned database. So are you saying that if the remarks here in this amendment were changed to say our invention is only about uncorrelated data, it doesn't include any correlated data, that we would have to reject such a disclaimer because of what you see in the dependent claims going in a different direction? It would be inconsistent with the dependent claims, and it would be at a minimum, therefore, ambiguous, uncertain, and therefore doesn't qualify as a disclaimer. Even really, really, really unambiguous language in the prosecution history by the applicant is something we cannot accept? To me, that's a hypothetical, with all due respect, because it's not that. Okay, we're doing it hypothetically. Hypothetically, if they absolutely said and they didn't have a dependent claim that was contrary to that. No, his question is, assuming there's a dependent claim, it's very clear, unambiguous language. Can that ever be a disclaimer if there's a dependent claim that would get disclaimed? I don't know of any law on that, Your Honor. Logically, to me, if you've got a dependent claim, and let's look, if I may, is claim 20, dependent claim 20. It's at A0075. That is a claim that depends on claim one. They're talking about the database. They say that the database further comprises determining an orientation of said object with respect to said sensed pattern of said first and second targets, and further creating said database using the determined orientation. Now, we pointed this out in our opening brief, and in their answer, or reply brief, Motion Games, this is at page 11 in a chart, Motion Games dismisses this. They admit that that is a orientation, excuse me, correlation. They admit that that reference to orientation is a correlated database. So what it is is they're saying by having orientation, you necessarily would have to have correlation, right? Yes, and that. And what is your understanding of correlation? That there is a relationship somehow of the targets to something about the object. Any relationship at all? Yes. Okay. Now, in its broadest sense, that's correct. But what Motion Games claimed in their reply brief in that page 11 in the chart was that claim 20, the dependent claim, was talking about a later and a different database, and not the database that is originally produced. And that's wrong, because if you look at that claim, the claim is talking about said database. And the only antecedent basis for said database is the database that is being created in the independent claim 1, and is the database that we are talking about here and attempting to construe. So you've got a dependent claim, claim 20, which is inconsistent with any disclaimer. You've got one scrap of sentence out of an overall prosecution history about amendment, the definition of what the database is that is now being claimed. You've got one statement. I would suggest that that's an ambiguous statement. It is not clear, and it does not qualify as a disavowal, a clear disavowal of claim scope. In fact, during the course of the prosecution, the applicant, this is after the amendment, the applicant was asked in the preceding office action specifically, tell me, the examiner, what is the database and how is that database formed? How is it created? They had a golden opportunity at that point in time, if they had really a disclaimer in mind, to tell the examiner what the database was. It wasn't all databases that were patterns of discrete targets, according to their argument now, but they were something less. Do Hay and Haas have patterned databases? Hay and Haas have the same databases that are claimed in the patent. Are they correlated or uncorrelated, or are they both? Well, there's an interesting question. They are as uncorrelated as the description and the specification on which Motion Games relies for the concept of an uncorrelated database. That's column 10, lines 10 to 12. That's the only description in the context of, I believe it's figure 5. All it says is that if you don't know what the exact pattern is, you take a picture of it. You monitor the pattern to see what it is, but it says absolutely nothing in that section of the specification that there can't be other things that are photographed at the same time that show the relationship of the targets to features of the patent, or excuse me, of the product. And in fact, that is claim 12 and claim 14, the dependent claims, where they talk about additionally the database has knowledge of the surface. So do some of Hay and Haas teachers correlated data? They teach uncorrelated data by the definition that is utilized by Motion Games, because if that scrap of disclosure in the specification of the patent... Okay, so they teach correlated data. What about uncorrelated data? Yes, that's what I'm saying. It's as uncorrelated as is the description on which Motion Games relies to support the concept of an uncorrelated database in their own patent specification. So you're saying there's something like semi-correlated? Your Honor, I'm happy, if they want to interpret their specification to say that all you do is take a picture of a pattern and that's an uncorrelated database, that is done specifically by both Hay and Haas. So that to the extent they're correct, that that disclosure in the specification is an uncorrelated database, that is specifically taught in both Hay and Haas. And that scrap of disclosure in their specification says nothing about great importance, groundbreaking invention. I know you're over your time, but if we were to conclude there's a disclaimer, then there would still be an obviousness argument here in light of Hay and Haas? Oh, absolutely. And we argued before the PTAB that even if you were to accept the Motion Games interpretation, still the patent claims at issue are unpatentable because both Hay and Haas disclose an uncorrelated database to the same extent that it's disclosed in the patent in suit. So the patent office never had to reach that. Without any correlated data? Without any correlated data, yes, uncorrelated data. We made that specific argument before the PTAB. The PTAB didn't have to reach that because it concluded there was no disclaimer, and we submit they did it properly. The PTAB looked at the specification, the claims, they looked at the arguments, and they concluded there was no evidence of clear, unmistakable, disavowal of claim scope. And we believe they were entirely correct. Do you agree that in some circumstances, not saying whether it applies here, but in some circumstances there could be a prosecution history where someone has a prosecution history disclaimer that only relates to certain claims in the patent? Not if they're independent and dependent claims. I don't see how you could. But wait a minute, I'm sorry. I'm going backwards. You could have a prosecution disclaimer, I suppose, that would be applicable to only some claims. But in this situation where your independent claims define the database as a pattern of discrete targets and you're trying to interpret, construe that database, and you're trying to say it excludes certain something, you can't say that it's excluded if you've got a dependent claim as you do here, which actually includes it. Because by definition, the dependent claim has to be narrower than the independent claim and has to include all of those limitations. So a dependent claim can't suddenly vitiate the breadth of an independent claim by removing a limitation. You can't do that. That's standard patent law. Thank you. Thank you, Your Honor. Mr. Underhill, we'll actually give you three minutes for rebuttal since we went over. Thank you so much, Your Honor. Thank you. Nintendo argues that Motion Games, the applicant, got over the bails rejection by amending the claims to change sense location to sense pattern. This is completely wrong, and I would refer the court to the appendix at page 480 to 81. This is the explanation by the applicant for the change. The change was in response to a 112 rejection, not the 103 rejection. The applicant makes it very clear. There had been a rejection for written description. So the applicant changed from sense pattern to sense locations. That's the reason for the change. Now, I do want to be clear. Sense pattern is not inherently correlated. So, for example, if you have a pattern, let's say it's an equilateral triangle, and the widgets are coming down the assembly line, and maybe you're looking to see if the widget is there or not there, which was my example before. So you're looking for an equilateral triangle, and either it's there or it's not there, and you know the widget's there or it's not there. Or maybe the equilateral triangle is at the top of the widget, you know, three inches from the top. And maybe what you're looking for is whether or not the widget is standing upright or whether it's in a different orientation. So this idea of whether or not you're using a sense pattern determines correlation or uncorrelation is incorrect. It's the unambiguous, unequivocal statement in the file history that says we do not have the correlated database like Bales. How do you deal with the dependent claims? I don't think the dependent claims are difficult, Your Honor. We have set forth in the reply brief, and I think our explanations are completely correct, that every example in the dependent claims is something that can happen down the line. We all know that correlation can happen down the line. That's in Figure 5. There's a lot going on in Figure 5, which is correlation. You say it's a separate database, right? I beg your pardon? You say it's a separate database that that information would be stored in, right? Or you could go back to the original database, and you could make changes to the original database. Maybe you use the original database to do something, and then later you change the original database. So then the scope of your negative limitation that you added in prosecution history is time sensitive? Like at one time, you can never have correlated data, but then sometime down the line, yeah, it's okay. We can have correlated data in our created database. Is that your argument? No, Your Honor. I do think that the disclaimer, and it's always been about correlation. There's never been any issue about what we were arguing was a disclaimer based on correlation, is with respect to the creation of the database. But the dependent claims require correlation, correct? I'm sorry, Your Honor? The dependent claims call for correlation, correct? Several of them do, Your Honor, which is exactly what the disclaimer says, is that there is correlated databases in some of the dependent claims. It's right there. In the created database, though. Yeah, you've got to encompass the created database in order to have a dependent claim, right? Yes, indeed. So there has to be one database which is uncorrelated. I completely agree. No, no. There has to be one. But the dependent claims talk about then adding further data into that database, and that further data is correlated data. That's the question that we have to you. Yes, I think it is referring to a different database. But it says said database. You're talking about claim 20, Your Honor? Different database. I would understand that, Your Honor, to mean a second database. No, it says said database. It's referring back to the database in the first claim. Which is referring to the first database. You take a database and you create a second database is how I would read it. I will grant, Your Honor, I don't think claim 20 is a model of clarity. What is a model of clarity is the disclaimer itself. I'd also like to point out, Your Honor, that repeatedly in the What if we find claim 20 to be a model of clarity? I don't think you could. Let's say we do. Let's say we do. Now what? Okay, I'll go with that hypothetical. I am aware of no law that says that the disclaimer does not apply because there's some dependent claim for which that does not work. We're talking about the public notice function here of the prosecution history. When you have a statement that says my database is not the database of Bales because it's not correlated, we have to respect that. The degree of your disclaimer in the May 2000 amendment, it doesn't appear that it needed to go so far as to say our database is for uncorrelated data and we disclaim correlated data. Because Bales, the obvious variant of Bales, was according to the examiner teaching the storage of correlated data. And so all you would need to overcome Bales is to say, well, we teach uncorrelated data. So the fact that the prior art teaches correlated data is of no moment. We are patently distinguishable over that. There wouldn't be a need to overcome Bales to additionally say, and not only is our claim directed towards uncorrelated data, but we absolutely cannot include any correlated data. And, Your Honor, that is... Do you see my point? Yes, I do. It was elective disclaimer to the extent it's a disclaimer. Okay, but the court's case law says in construing disclaimer, we can't look behind what the applicant needed to do. We would have chaos if disclaimer only applied in circumstances where after the fact it was concluded by a tribunal that that statement was necessary to get over the prior art. I understand. What about the use of the word such correlation? In other words, your friend on the other side is arguing that actually what you just disclaimed was the precise correlation in Bales, not all correlation. I think that's an unnatural reading of the language and it's also not what Nintendo understood in the district court. Nintendo's own language in the district court was such that there is no correlation of the targets to the object. That's how Nintendo understood that language. I would also point out, Your Honor, that... I think you're going to need to wrap up. We've gone way over. Thank you. In the PTAB, there are numerous statements which make it clear that we were, in fact, arguing to the PTAB that the disclaimer is no correlation. I'm just going to give a couple of sites. One is the appendix at 0890. One is the appendix at 2636. And one is the appendix at 2659. Thank you, Your Honor. Okay. The case will be submitted.